CASE. No. 1114.

TARRANT v. GITTELSON.

1. Where, in action on a special contract for services rendered, the parties differ as to the compensation agreed upon, there is no material error in admitting testimony of the value of like services as bearing upon the reasonableness of the conflicting evidence, the jury being properly instructed to confine themselves to the issue involved.

2. The complaint alleged that the defendant was "indebted to plaintiff in the sum of $100 for work, labor and services done," &c. Upon objection made by defendant to the introduction of evidence to prove a special contract, the trial judge permitted the plaintiff to amend his complaint so as to allege a special contract, and then received the evidence. *Held,* that the amendment was permissible under Section 196 of the code.

3. The amendment was opposed by defendant, but time to answer was not asked for. It was within the discretion of the Circuit judge to allow the trial to proceed on the amended complaint.

Before THOMSON, J., Abbeville, February, 1880.

The reporter has not been furnished with a brief in this case, but the opinion seems to state the case fully. The title of the case is M. M. Tarrant against I. Gittelson.

*Mr. M. P. DeBruhl,* for appellant.

*Mr. T. P. Cothran,* contra.

November 19th, 1881. The opinion of the court was delivered by

MCGOWAN, A. J. This was an action by the plaintiff, alleging that "the defendant is indebted to him in the sum of $100 for work, labor and services done and performed by the plaintiff for the defendant, at the request of the said defendant, at Abbeville Court House, S. C." The services were rendered by plaintiff as a clerk in defendant's store. The defense was a denial of each and every allegation of the complaint. The plaintiff offered to prove that the defendant was to pay him $25 *for the first month,* and, if he was pleased with his services, $50 *per month after the first.* Exception was taken that this proof could not be received, as no special contract was alleged in the complaint. The judge allowed the plaintiff to amend his complaint alleging a special contract and received the evidence.

Both parties alleged and relied on a special contract. The dispute was as to the sum to be paid the plaintiff, who gave testimony in reply ; and a merchant swore that a clerk's services were more valuable in the latter months of the year, and gener-

ally worth more than $25 per·month·; that plaintiff worked for defendant at the close of the year and until January. The judge refused a non-suit, and, under his charge, the jury found for the plaintiff $48.75. The defendant appealed.

Upon motion of the defendant, the hearing in this court was suspended at November Term, 1880, to enable defendant, appellant, to make application to the Circuit Court (notwithstanding the pendency of the appeal) for a rehearing of the case on the ground of after-discovered evidence.. 14 *S. C.* 620. Whether such application was ever made, this court is not informed. The parties now move for judgment on the original record.

The defendant filed the following exceptions:

1. "Because his Honor ·erred in · allowing the plaintiff to amend his complaint without giving the defendant time to answer such amended complaint.

2. "Because the action was brought for a *quantum meruit* for services rendered by the plaintiff, and the amendment was in effect to allow the plaintiff to abandon the suit which he had brought, and to have an action upon the contract without the issuing of and service of a summons and complaint.

3. "Because it was an error in his Honor to refuse the motion for a non-suit, when the plaintiff, in his testimony, admitted there was a contract.

4. "Because it was an error in his·Honor to admit testimony to show the value of plaintiff's services after a contract had been proved.

5. "Because it was an error in ·his Honor to forbid the defendant's attorney to comment upon such testimony in arguing the case to the jury, and afterwards to allow the plaintiff's · attorney to comment fully upon such testimony, and then charge the jury to take such testimony into consideration in making up their verdict.

6. "Because it was error in his Honor to charge the jury that the certificate of character which the defendant had given the plaintiff was the best evidence of plaintiff's services, when said certificate fixed no value upon plaintiff's services at all, thus determining the quantity and sufficiency of the evidence, which

was solely the province of the jury." The sixth exception has not been pressed in this court.

The fourth and fifth complain of the admission of testimony as to the value of plaintiff's services. Upon an issue as to the existence or non-existence of a special contract to pay for services at a specified price, testimony generally as to the value of such services was not directly pertinent, but we can see that it might have some small bearing upon the credibility of witnesses as tending to prove or disprove the reasonableness of their testimony. The report of the judge makes a different case from that indicated by the exceptions. He says: "Inasmuch as both parties relied upon a special contract, the court endeavored to narrow the argument of counsel to the issue, What contract was made by the parties? This effort may not have been wholly successful; but if the jury listened to the instructions of the court, any argument not strictly upon the issue could have had no weight with them. *The jury were instructed to exclude from their consideration the question of the value of plaintiff's services as the ground for a recovery.* * * * That all the testimony was before them, and, in coming to a conclusion, such parts of the testimony as would support the statements of the one or the other of the parties as to the contract made should be weighed, and in this connection the wages of clerks generally, or the value of their services, might be considered."

Thus explained, and the jury carefully guarded as to the issue, and how the testimony should be considered, we cannot say that there was a material error in admitting it.

As to the first, second and third exceptions: Upon the proof of a special contract being offered, the court allowed the plaintiff to amend his complaint so as to cover the case made. Was that error? The Code of Procedure favors amendments. Its great object, as declared, was to prevent a failure of justice arising out of mere technicalities in the forms of pleading. All that it requires is that the complaint shall contain "a plain and concise statement of facts constituting a cause of action without unnecessary repetition." The complaint in this case alleged that the defendant was indebted to the plaintiff for "work, labor and services," but did not state that these services were rendered

under a special contract per month.' The complaint certainly informed the defendant of the general nature of the claim, so that he was not taken by surprise.. If it was necessary to amend the complaint so as to make it conform to the exact state of facts, (*Pom. Rem.*, § 542,) the Circuit judge had the right, "in furtherance of justice," to order it made under Section 196 of the code, which provides that "the court may, before or after judgment, in furtherance of justice, and on such terms as may be proper, amend any pleading, process or proceeding by adding or striking out the name of any party, or by correcting the name of a party or a mistake in any other respect, or by *inserting other allegations material to the case*, or, when the amendment does not change, substantially, the claim or defense, by conforming the pleading or proceeding to the facts proved." *Gen. Stat.* 611–12 ; *S. C. Railroad Co.* v. *Barrett*, 12 *S. C.* 174.

The defendant objected to the order allowing the amendment on the ground that "he would be surprised and was not ready to meet the new complaint by proof;" but it does not appear in "the case," that when the amendment was made, he moved for further time to answer, as was done in the case of *Coleman* v. *Heller*, 13 *S. C.* 491. The judge says : "The amendment, however, did not seem so great as to be a surprise, and plaintiff was allowed to proceed." We cannot say that this was error. The Circuit judge in such matters must have large discretion. The amendment was germane to the matter. It was really more formal than substantial. It made no new case between new parties, but only put in particular form the claim for compensation already made in the original complaint. Under the old system of pleading it would have been styled the addition of a special to the common counts of the declaration.

The judgment of this court is that the judgment of the Circuit Court be affirmed.

SIMPSON, C. J., and McIVER, A. J., concurred.